IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY CRAIG SMITH,

      Plaintiff,                    No. CIV S-07-1707 WBS EFB P

      vs.

CITY OF VALLEJO, et al.,

      Defendants.           ORDER

_____/

      Plaintiff is a state prisoner prosecuting this civil rights action without counsel. *See* 42 U.S.C. § 1983. He requests leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). He must now pay the statutory filing fee of $350. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff must make an initial partial payment of $25.84. *See* § 1915(b)(1). Thereafter, he must make monthly payments of 20 percent of the preceding month's income credited to his prison trust account. All payments shall be forwarded by the appropriate agency to the Clerk of the Court when amount in plaintiff's account exceeds $10 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

////

The court finds that, for the limited purposes of § 1915A screening, the complaint states cognizable claims for relief against defendants Greenberg, Estudillo, and Messina pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

The complaint does not state a cognizable claim against defendants City of Vallejo or Vallejo Police Department.

Plaintiff may proceed forthwith to serve defendants Greenberg, Estudillo, and Messina and pursue his claims against only those defendants or he may delay serving any defendant and attempt to state a cognizable claim against defendants City of Vallejo and Vallejo Police Department.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants City of Vallejo and Vallejo Police Department, he has 30 days so to do.  He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Greenberg, Estudillo, and Messina, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith.  In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants City of Vallejo and Vallejo Police Department without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th C1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

To state a claim that a local government is subject to liability for constitutional torts committed by its officials, a plaintiff must allege an individual with final policy making authority acted pursuant to an official policy or custom or failed to act based on a policy of inaction amounting to the knowing disregard of plaintiff's rights and that plaintiff was harmed thereby. *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

To state a claim against a supervisor who did not personally inflict the injury alleged, plaintiff must allege the supervisor (1) caused others to act, or knowingly refused to stop them

3

from acting, knowing or having reasonable cause to know they would inflict injury; (2) approved such conduct and injury after the fact; or (3) so failed to train or control subordinates to avoid such injury as to demonstrate reckless or callous indifference to constitutional injury. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *see also*, *Jones v. Williams*, 297 F.3d 930, 937 & fn. 4 (9th Cir. 2002).

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1179-80 A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Plaintiff's pleading will be construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth*

4

*v. Churner*, 532 U.S. 731, 741 (2001).  A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, *et seq*.  An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested."  Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.  Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants Greenberg, Estudillo, and Messina.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff is must pay the statutory filing fee of $350 for this action and make an initial payment of $25.84.  All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants City of Vallejo and Vallejo Police Department are dismissed with leave to amend.  Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants.  Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient at least to state cognizable claims against defendants Greenberg, Estudillo, and Messina.  *See* 28 U.S.C. § 1915A.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed August 21, 2007, three USM-285 forms and instructions for service of process on defendants Greenberg, Estudillo, and Messina.  Within 20 days of service of this order plaintiff may return

5

1  the attached Notice of Submission of Documents with the completed summons, the completed
2  USM-285 forms, and four copies of the August 21, 2007, complaint.  The court will transmit
3  them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.
4  Defendants Greenberg, Estudillo, and Messina will be required to respond to plaintiff's
5  allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will
6  construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective
7  claims against defendants City of Vallejo and Vallejo Police Department without prejudice.
8  Dated:  December 3, 2007.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

```
 1
 2
 3
 4
 5
 6
 7
 8                    IN THE UNITED STATES DISTRICT COURT
 9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10  ANTHONY CRAIG SMITH,
11          Plaintiff,                No. CIV S-07-1707 WBS EFB P
12      vs.
13  CITY OF VALLEJO, et al.,
14          Defendants.               NOTICE OF SUBMISSION OF DOCUMENTS
15  _____/
16      Plaintiff hereby submits the following documents in compliance with the court's order
17  filed _____:
18           1        completed summons form
19          ____      completed forms USM-285
20          ____      copies of the _____
                                      Complaint
21
22  Dated:
23
                                              _____
24                                                      Plaintiff
25
26
                                       7
```