IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY CRAIG SMITH,

        Plaintiff,                       No. CIV S-07-1707 WBS EFB P

   vs.

CITY OF VALLEJO, et al.,

        Defendants.         <u>ORDER</u>

                              /

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On March 17, 2008, the court adopted the magistrate judge's findings and recommendations, which recommended that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) because plaintiff failed to comply with the magistrate judge's December 4, 2007 order directing plaintiff to file an amended complaint or submit materials for service of process. The Clerk of the Court duly entered judgment. Plaintiff seeks relief from judgment.

        Pursuant to Fed. R. Civ. P. 60(b):

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

> misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

In his motion, plaintiff asserts that he was transferred from Solano to Delano on December 3, 2007 and that he properly filed with the court a notice of change of address. According to plaintiff, however, the notice of change of address is not reflected on the docket and he never received the court's December 4, 2007 order.

A review of the docket reveals that plaintiff properly filed a notice of change of address on December 10, 2007. However, the Clerk of the Court failed to properly docket the notice. Consequently, the Clerk of the Court failed to re-serve the magistrate judge's December 4, 2007 order to plaintiff's updated address. Since through no fault of his own plaintiff never received the December 4, 2007 order, plaintiff is entitled to relief from judgment.

IT IS THEREFORE ORDERED that plaintiff's May 19, 2008 motion for relief from judgment be, and the same is, hereby GRANTED. The Clerk of Court is directed to reopen the case and set aside the judgment. The Clerk of the Court is further directed to re-serve on plaintiff the magistrate judge's December 4, 2007 order, along with a blank summons, a copy of the pleading filed August 21, 2007, three USM-285 forms and instructions for service of process on defendants Greenberg, Estudillo, and Messina.

DATED: March 11, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE