IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY CRAIG SMITH,

              Plaintiff,             No. 2:07-cv-1707 WBS KJN P

    vs.

CITY OF VALLEJO, et al.,         ORDER AND

             Defendants,      FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

        Plaintiff, a state prisoner proceeding without counsel and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983.  Pending before the court is a motion to dismiss filed by defendants Greenberg, Estudillo, and Messina.[1]  These defendants contend plaintiff's claims are barred by the doctrine of collateral estoppel and Heck v. Humphrey, 512 U.S. 477 (1994), but that in any event, plaintiff has failed to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Plaintiff filed an opposition on February 25, 2010.  For the reasons that follow, the court recommends that the motion be granted and this action be dismissed.

---

[1] By separate findings and recommendations, this court recommended dismissal of defendants City of Vallejo and the Vallejo Police Department.  (May 26, 2010 Findings and Recommendations.)

1  II.  Request for Judicial Notice

2          On August 14, 2009, defendants filed a request for judicial notice ("RJN") (Dkt.

3  No. 22, attachment 1.)  A court may take judicial notice of court records.  See, e.g., Bennett v.

4  Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e 'may take notice of proceedings in

5  other courts, both within and without the federal judicial system, if those proceedings have a

6  direct relation to matters at issue'").  Therefore, this court takes judicial notice of the court

7  records in the following cases:  1) the California Court of Appeal opinion in People v. Anthony

8  Craig Smith, 172 Cal. App. 4th 1354, 1358-59, 92 Cal. Rptr. 3d 106, 110 (2009) (finding the

9  officer's search of plaintiff's underwear satisfied the Fourth Amendment and affirming the trial

10  court's denial of plaintiff's motion to suppress the evidence obtained during that search); 2)

11  plaintiff's appeal of his conviction to the Court of Appeal, First Appellate District Division Five,

12  Case No. A120331 (RJN, Ex. 2).

13  III.  Motion to Dismiss

14          Background

15          On August 21, 2007, plaintiff filed the instant civil rights complaint under 42

16  U.S.C. § 1983.  Plaintiff brings a Fourth Amendment claim for an unlawful search by defendants

17  Greenberg, Estudillo and Messina.[2]

18          Plaintiff alleges the following:  On June 23, 2006, while sitting in a car in a motel

19  parking lot, he was approached by a Vallejo Police Officer.  After learning he was on parole,

20  defendants handcuffed and pat-searched him, and then searched his vehicle.  Plaintiff contends

21  there was no evidence to detain him further, but that defendants Greenberg, Estudillo, and

22  Messina then violated his Fourth Amendment rights by strip-searching him in a public motel

23

24          [2]  The instant complaint was filed on August 21, 2007.  (Dkt. No. 1.)  It was dismissed
    without prejudice on March 19, 2008, but re-opened on March 12, 2009.  (Dkt. No. 16.)  Plaintiff
25  was sentenced on November 20, 2007.  Smith, 172 Cal. App. 4th at 1359, 92 Cal. Rptr. 3d at
    110.  The state appellate court affirmed the denial of the suppression motion on April 9, 2009.
26  Id.

1  parking lot during check-out hours.  Plaintiff alleges two officers held him while a third officer

2  "pulled down [his] pants and underwear exposing [him] to the public."  (Complt. at 3.)

3          Evidence discovered during the search led to plaintiff's arrest for six felony

4  counts, including transportation of heroin, cocaine base and methamphetamine (Cal. Health &

5  Safety Code §§ 11352(a), 11379(b)), and possession of narcotics for sale (Cal. Health & Safety

6  Code §§ 11351, 11351.5, 11378).  People v. Anthony Craig Smith, 172 Cal. App. 4th 1354,

7  1358-59, 92 Cal. Rptr. 3d 106, 110 (2009).  Sentence enhancements were alleged in the

8  information as follows:  five prior felony convictions (three for narcotics) and four prior prison

9  terms.  Id.  Ultimately, plaintiff pled no contest to all charges and admitted the prior convictions

10  and prison terms.  Id. at 1359.  Plaintiff's conviction was affirmed by the state appellate court on

11  April 9, 2009.  (RJN, Ex. 2 at 26, 28.)

12          Plaintiff seeks damages allegedly resulting from the violation of his Fourth

13  Amendment rights, public humiliation, mental pain and suffering, and the loss of his job.

14  (Complt. at 5.)

15          Based on state court records and plaintiff's complaint and attachments, defendants

16  filed a motion to dismiss on August 14, 2009, arguing, *inter alia*, that collateral estoppel applies

17  to preclude plaintiff's claim.  Plaintiff filed an opposition on February 25, 2010.

18                  Legal Standards

19          A motion brought pursuant to Rule 12(b)(6) is a challenge to the sufficiency of the

20  pleading.  For purposes of ruling on such a motion, the court must take as true the material facts

21  alleged in the complaint.  Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740

22  (1976); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The court must liberally construe the

23  complaint in the light most favorable to the plaintiff.  Jenkins, 395 U.S. at 421; Meek v. County

24  of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  Pro se pleadings must be held to a less stringent

25  standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520-21

26  (1972), and the court must liberally construe a pro se litigant's inartful pleading, Ortez v.

3

1    Washington County, 88 F.3d 804, 807 (9th Cir. 1996).  A motion to dismiss for failure to state a

2    claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of

3    facts in support of his claims which would entitle him to relief.  Hishon v. King & Spalding, 467

4    U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir.

5    1981).

6              Issue preclusion or collateral estoppel may apply when § 1983 plaintiffs attempt to

7    relitigate in federal court issues decided against them in state criminal proceedings.  Allen v.

8    McCurry, 449 U.S. 90, 94, 103 (1980) (rules of collateral estoppel apply to civil rights actions,

9    including state court judgments or decisions, civil or criminal).  A state court judgment is given

10   the same preclusive effect it would be given under the law of the state in which it was rendered.

11   See 28 U.S.C. § 1738; Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 80 (1984).

12   Thus, plaintiff is barred from relitigating claims previously decided in a state criminal action.

13   Allen, 449 U.S. at 103-04; Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990)

14   (civil rights plaintiff was collaterally estopped from relitigating issue of whether his arrest

15   violated the Fourth Amendment because of adverse decisions rendered in suppression hearings in

16   his criminal prosecution).  This is true even if plaintiff was not provided an opportunity to litigate

17   his claim in federal court.  See 28 U.S.C. § 1738; Allen, 449 U.S. at 103-05; Hawkins v. Risley,

18   984 F.2d 321, 323 (9th Cir.1993) (federal habeas corpus judgment can have res judicata effect in

19   separate civil rights action, and pendency of criminal appeal does not deprive judgment of

20   preclusive effect).[3]

21   ────────────────

22        [3] Defendants argue that this case is also precluded by Heck v. Humphrey, 512 U.S. 477
     (1994).  In Heck, the Court held that a suit for damages on a civil rights claim concerning an
23   allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof  "that
     the conviction or sentence has been reversed on direct appeal, expunged by executive order,
24   declared invalid by a state tribunal authorized to make such determination, or called into question
     by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  While the Heck
25   Court also found a civil rights challenge to an allegedly unreasonable search may be viable under
     some circumstances, Heck, 512 U.S. at 487 n.7, such circumstances are not present here.
26   Moreover, nothing in Heck precludes this court from applying collateral estoppel principles.
     Because this court finds plaintiff's complaint barred by collateral estoppel, this court need not

1     In civil rights actions brought under 42 U.S.C. § 1983, state law governs whether

2 collateral estoppel is applied to a prior state court judgment.  <u>Allen</u>, 449 U.S. at 96; <u>Ayers</u>, 895

3 F.2d at 1270.  In applying collateral estoppel, California uses four criteria to determine whether

4 issues raised in a prior criminal proceeding are barred in a subsequent action:

5         (1) the prior conviction must have been for a serious offense so that
        the defendant was motivated to fully litigate the charges; (2) there
6         must have been a full and fair trial to prevent convictions of
        doubtful validity from being used; (3) the issue on which the prior
7         conviction is offered must of necessity have been decided at the
        criminal trial; and (4) the party against whom collateral estoppel is
8         asserted was a party or in privity with a party to the prior trial.

9 <u>Ayers</u>, 895 F.2d at 1271 (citing <u>McGowan v. City of San Diego</u>, 208 Cal. App. 3d 890, 256 Cal.

10 Rptr. 537, 539 (1989)).  The Court of Appeals for the Ninth Circuit applied these criteria to

11 determine that a plaintiff is collaterally estopped from relitigating a Fourth Amendment illegal

12 search claim decided against him by the state trial court in a hearing on a motion to suppress

13 under Cal. Penal Code § 1538.5.  <u>Ayers</u>, 895 F.2d at 1271-72.

14 <u>Analysis</u>

15     Here, plaintiff litigated his Fourth Amendment claim that defendant Greenberg

16 conducted an unlawful search of his underwear in a hearing on a motion to suppress under Cal.

17 Penal Code § 1538.5.  The trial court refused to suppress the evidence, and found defendant

18 Greenberg's conduct was reasonable.  <u>Smith</u>, 172 Cal. App. 4th at 1359, 1360, 1363, 92 Cal.

19 Rptr. 3d 106, 110.  The Court of Appeal placed great weight on the factual findings of the trial

20 court, which considered written briefing and held an evidentiary hearing.

21     This court finds that re-litigation of plaintiff's Fourth Amendment claim in this

22 action is barred because all four of the above criteria have been met.  First, plaintiff was

23 motivated to fully litigate the Fourth Amendment issue in his criminal trial because he was

24 charged with six separate felony counts.  If plaintiff had prevailed on his motion to suppress the

25 _____

26 address the application of <u>Heck</u>.

1  evidence discovered in the underwear search, the State of California would be precluded from

2  using that evidence to prove the charges against him.  Thus, the first Ayers criterion is met.

3          Second, plaintiff received a full and fair hearing, which resulted in a final

4  determination on the merits.  After taking evidence and hearing argument on the Section 1538.5

5  motion, the trial court

> concluded that although the People had not proven that Smith was
> subject to a parole search condition, Smith had essentially
> acknowledged in his response to Officer Greenberg's request to
> search him that he was subject to this condition. The trial court
> further concluded that the search of Smith's underwear was not
> arbitrary or capricious or for the purpose of harassment, noting that
> "[t]here was suspicious activity" and that, under the circumstances,
> the officers would have been derelict in their duties had they not
> investigated Smith. The trial court rejected Smith's contention that
> this constituted a public strip search and concluded that Officer
> Greenberg's conduct was reasonable under the circumstances.

12  Smith, 172 Cal. App. 4th at 1359, 92 Cal. Rptr. 3rd at 110.

13          Subsequently, plaintiff sought to overturn the trial court's ruling on direct appeal.

14  However, the trial court's ruling was affirmed in a detailed opinion by the California Court of

15  Appeal.  Smith, 172 Cal. App. 4th at 1354, 92 Cal. Rptr. 3rd at 106.  The state appellate court

16  held that the purpose of the parole search did not render the search constitutionally unreasonable,

17  and the scope and manner of the parole search was not constitutionally unreasonable.  Id.  Thus,

18  the second Ayers criterion is met.

19          Third, plaintiff's present claim that defendant police officers lacked evidence to

20  strip-search plaintiff in a public parking lot is identical to the issue of the legality of the search

21  raised in the motion to suppress.  "The California standard for determining the constitutionality

22  of a search under the Fourth Amendment is identical to the federal standard."  Lato v. Sieverman,

23  919 F.Supp. 336 (C.D. Cal. 1996), citing Ayers, at 1271; In re Lance W., 37 Cal. 3d 873, 896,

24  210 Cal. Rptr. 631 (1985).  Here, the trial court's determination that no Fourth Amendment

25  violation occurred was affirmed by the state appellate court, which held that the analysis turned

26  on plaintiff's status as a parolee, plaintiff was not subjected to a public strip search, and that the

intrusiveness of the search was less significant given the "sharply diminished expectation of privacy as a parolee." Smith, 172 Cal. App. 4th at 1360, 1363, 92 Cal. Rptr. 3d 106. The appellate court found that the specific circumstances surrounding the search of plaintiff did not violate the Fourth Amendment. Id. Thus, the third Ayers criterion is met.

Fourth, "[p]rivity exists where the party against whom collateral estoppel is asserted was a party to the prior adjudication where the issue to be estopped was finally decided." Ayers, 895 F.2d at 1271. Plaintiff was the defendant in the underlying criminal action and is the party against whom collateral estoppel is asserted. Thus privity exists. The fourth Ayers criterion is met.

Therefore, plaintiff cannot relitigate his claim that his Fourth Amendment rights were violated by the June 23, 2006 search because that constitutional claim was previously decided against him by the California courts.

The fact that plaintiff now pursues Fourth Amendment claims against additional officers, defendants Estudillo and Messina, for the June 23, 2006 search does not change the analysis. It appears defendants Estudillo and Messina allegedly held plaintiff while defendant Greenberg performed the search.

> Issue preclusion prevents "relitigation of all 'issues of fact or law that were actually litigated and necessarily decided' in a prior proceeding" against the party who seeks to relitigate the issues.

Hawkins, 984 F.2d at 325 (citation omitted). Federal courts must give state judicial proceedings "the same full faith and credit . . . as they have by law or usage in the courts of [the] State . . . from which they are taken." 28 U.S.C. § 1738.

Here, plaintiff alleged his Fourth Amendment rights were violated because there was no evidence to support the continued search of his person or the alleged strip search held in the motel parking lot. Both state courts addressed this claim and the state appellate court specifically found plaintiff's Fourth Amendment rights were not violated. Smith, 172 Cal. App. 4th at 1360, 1363, 92 Cal. Rptr. 3d 106. This state court ruling precludes the instant action

1  where he attempts to relitigate the identical issue, the constitutionality of the June 23, 2006

2  search under the Fourth Amendment, whether or not plaintiff named defendants Estudillo and

3  Messina in the state court actions.  Hawkins, 984 F.2d at 325.

4         Finally, plaintiff argues that because he "never presented civil rights violation and

5  constitutional violation in his criminal case, there is no . . . collateral estoppel of this case."

6  (Opp'n at 6.)  Plaintiff cites Wilkinson v. Dotson, 544 U.S. 74 (2005) in support.  However,

7  Wilkinson is inapposite.[4]  Here, plaintiff did raise a constitutional challenge in the trial court and

8  the state appellate court, based on an alleged violation of the Fourth Amendment.  For example,

9  defense counsel frequently referred to the alleged violation of plaintiff's Fourth Amendment

10  rights in the motion to suppress filed in the criminal trial court.  (Complt., at 8-12.)  The state

11  appellate court specifically addressed whether the search was reasonable under the Fourth

12  Amendment.  Smith, 172 Cal. App. 4th at 1360-61, 92 Cal. Rptr. 3d at 111-12.  Both courts

13  found plaintiff's rights under the Fourth Amendment had not been violated.  "Further, federal

14  courts accord preclusive effect to issues decided in a prior state court judgment even though the

15  plaintiff had no opportunity to litigate the claim in a federal forum."  Lato, 919 F.Supp. at 338,

16  citing see 28 U.S.C. § 1738; Allen v. McCurry, 449 U.S. at 103-05; Hawkins, 984 F.2d at 323.

17         Accordingly, defendants' motion to dismiss this action as barred by collateral

18  estoppel should be granted.

19         Attempt to Raise New Claims in Opposition

20         Finally, plaintiff argues that defendants were "never held to answer for their

21  illegal and unconstitutional actions.  The defendants were never held for their breach of duty and

22  negligence."  (Opp'n at 6.)  However, plaintiff did not include allegations concerning breach of

23  duty and negligence in his complaint.  (Complt., passim.)  Moreover, neither of these causes of

24

25         [4]  In Wilkinson, the Court held that prisoners could challenge the constitutionality of state
26  parole procedures in action under § 1983 seeking declaratory and injunctive relief, and were not
   required to instead seek relief exclusively under the federal habeas corpus statutes.  Id.

8

1  action state a claim based on a violation of the United States Constitution.  Thus, the court will

2  not grant plaintiff leave to file an amended complaint based on these proposed state law claims.

3         IT IS HEREBY ORDERED that defendants' request for judicial notice, filed

4  August 14, 2009, is granted as set forth above.

5         IT IS RECOMMENDED that defendants' August 14, 2009 motion to dismiss be

6  granted and this action be dismissed.

7         These findings and recommendations are submitted to the United States District

8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

9  one days after being served with these findings and recommendations, any party may file written

10  objections with the court and serve a copy on all parties.  Such a document should be captioned

11  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

12  objections shall be filed and served within fourteen days after service of the objections.  The

13  parties are advised that failure to file objections within the specified time may waive the right to

14  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

15  DATED:  June 9, 2010

18  KENDALL J. NEWMAN
19  UNITED STATES MAGISTRATE JUDGE

20  smit1707.mtd